UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHAUN RUSHING,  )<br>*AKA SHAUN AKINDOALEXANDER RUSHING*  )<br>  )<br>    Plaintiff,  )<br>  )<br>    v.  )<br>  )<br>U-HAUL STORAGE AND MOVING,  )<br>  )<br>    Defendant.  )  | Civil Action No. 1:23-cv-00167 (UNA) |

## MEMORANDUM OPINION

Plaintiff has filed a *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. For the reasons explained below, the court will grant plaintiff's IFP application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff, a resident of the District of Columbia, sues a U-Haul Storage and Moving business also located in the District. He alleges that, on January 17, he attempted to access his storage unit and was unfairly denied access to same. As a result, he contends that he had to leave his property unattended overnight and that it was stolen. He alleges that defendant committed "negligence" and "malpractice" and demands approximately $104 million in damages. So his claim appears to sound in tort or, perhaps, breach of contract.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts

that bring the suit within the court's jurisdiction.  *See* Fed. R. Civ. P. 8(a).  Failure to plead such facts warrants dismissal of the action.  *See* Fed. R. Civ. P. 12(h)(3).

First, plaintiff's claims fail to raise any federal question.  Second, both plaintiff and defendant are located in the District of Columbia, so there can be no diversity jurisdiction.  *See Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)) ("For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant.").  Therefore, this court cannot exercise subject matter jurisdiction over this matter.

For all of these reasons, the complaint, ECF No. 1, and the case, is dismissed without prejudice.  A separate order accompanies this memorandum opinion.

**SO ORDERED.**

Date:   February 8, 2023                              _____/s/_____
                                                                             RUDOLPH CONTRERAS
                                                                             United States District Judge